IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ONPOINT CONSTRUCTION, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. <u>CIV-24-572-PRW</u> |
| | ) | |
| ON POINT PLUMBING SERVICES, LLC, | ) | |
| | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, OnPoint Construction, LLC, for its causes of action against Defendant, On Point Plumbing Services, LLC, alleges and states as follows:

## NATURE OF COMPLAINT

1.      This is an action for injunctive relief and monetary damages arising out of, *inter alia,* trademark infringement, unfair competition, and dilution under the laws of the United States (Lanham Act, 15 U.S.C. § 1051, *et. seq.*) and the State of Oklahoma (trademark infringement, 78 O.S. § 31, *et. seq.*, passing-off, and Oklahoma Deceptive Trade Practices Act, 78 Okla. Stat. §§ 51, et.seq.).

2.      Plaintiff also seeks declaratory judgment of non-infringement by Plaintiff.

## PARTIES

3.      Plaintiff, OnPoint Construction, LLC ("Plaintiff"), is an Oklahoma limited liability company with its principal place of business in Oklahoma. It is a citizen of Oklahoma for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

4.      Defendant On Point Plumbing Services, LLC's ("Defendant") is an Oklahoma limited liability company with its principal place of business in Oklahoma. It is a citizen of Oklahoma for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

5.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the trademark laws of the United States.

6.      This Court's exercise of supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. § 1367(a) because they are so related to the federal claims that they form part of the same case or controversy.

7.      Venue is proper in this Court under 28 U.S.C. § 1391(c)(2) because Defendant resides in this judicial district and/or 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the action occurred in this judicial district.

## FACTS RELEVANT TO PLAINTIFF'S CLAIMS

8.      Plaintiff is real estate development and construction company formed in 2003 that provides general contracting, subcontracting, and other construction services for commercial and residential projects.

9.      Since 2003, Plaintiff has been the owner of U.S. Trademark/Service Mark Reg. Nos. 5610983 & 5754794, consisting of the literal element "ONPOINT" and the design of a stylized dog set against a shaded oval (the "Registrations"), which have been consistently used by Plaintiff in connection with commercial, industrial, and residential construction services. *See* Exhibits 1 & 2.

10.     Each of these Registrations is valid and subsisting, and each has become incontestable under 15 U.S.C. 1065.

11.     Plaintiff has expended significant sums of money over a long period of time in the advertising of goods and services under the Registrations for the promotion of its commercial, industrial, and residential land development and construction services.

12.     Plaintiff has become associated with the Registrations and known in the construction industry and to the public, and has established extensive goodwill, public recognition and secondary meaning for the "Onpoint" name and logo covered by the Registrations.

13.     Plaintiff also owns, through its continuous use in commerce, common law rights in the name and logo.

14.     The Registrations and common law rights Plaintiff owns in the "Onpoint" name and logo are hereafter referred to as "Plaintiff's Trademark Rights."

15.     Defendant, On Point Plumbing Services, was formed in 2022.

16.     On information and belief, Defendant provides the same types of services to the same industries and customers, and/or customers within the same service area, as Plaintiff.

17.     Specifically, Defendant utilizes the name "On Point" accompanied by the mark of a stylized dog ("Infringing Mark") in advertising and providing its construction and construction-related services. *See* Exhibit 3.

18.     Upon information and belief, Defendant owns and controls the website www.onpointplumbingservices.com.

19.     Defendant's use of the "On Point" name and mark, use of www.onpointplumbingservices.com, and use of a stylized dog in its logo/marketing are an infringement of Plaintiff's intellectual property rights.

20.     Defendant was made expressly aware of Plaintiff's Trademark Rights via letter from counsel; however, as of the filing of this Complaint, Defendant has not responded to Plaintiff.

21.     On information and belief, Defendant is aware of Plaintiff's Trademark Rights and that Defendant is infringing upon said rights.

22.     Defendant's use of the name and logo depicted in Exhibit 3 is likely to cause confusion among consumers of the services provided by Plaintiff operating under Plaintiff's Trademark Rights.

23.     Defendant's use of the logo depicted in Exhibit 3 will dilute Plaintiff's Trademark Rights.

24.     Defendant's use of the logo depicted in Exhibit 3 constitutes trademark infringement and deceptive trade practices under Oklahoma law.

## COUNT ONE: TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

25.     Plaintiff hereby incorporates through reference the preceding paragraphs of this Complaint.

26.     Defendant has undertaken its use in commerce the Infringing Mark in connection with its services without authorization or consent by Plaintiff.

27.     Defendant's use of the Infringing Mark constitutes a colorable imitation of the Registrations owned by Plaintiff, which is likely to cause confusion, mistake, and/or deception for consumers.

28.     Defendant's use has caused and will continue to cause serious injury to the reputation, goodwill, and business of Plaintiff.

29.     Defendant's continued infringement has caused and will continue to cause irreparable harm unless enjoined.

30.     Defendant's infringement is and has been knowing and willful.

31.     Plaintiff requests that the Court enter judgment that Defendant's use of the Infringing Mark constitutes trademark infringement under 15 U.S.C. § 1114.

### COUNT TWO: FALSE DESIGNATION UNDER THE LANHAM ACT

32.     Plaintiff hereby incorporates through reference the preceding paragraphs of this Complaint.

33.     Defendant has undertaken its use in commerce the Infringing Mark in connection with its services without authorization or consent by Plaintiff.

34.     Defendant's use of the Infringing Mark constitutes a false designation of the origin for goods and services, which is likely to cause confusion, mistake, and/or deception for consumers.

35.     Defendant's use has caused and will continue to cause serious injury to the reputation, goodwill, and business of Plaintiff.

36.     Defendant's use has caused and will continue to cause irreparable harm unless enjoined.

37.     Defendant's infringement is and has been knowing and willful.

38.     Plaintiff requests that the Court enter judgment that Defendant's use of the Infringing Mark constitutes false designation of origin under 15 U.S.C. § 1125.

## COUNT THREE: FEDERAL UNFAIR COMPETITION

39.     Plaintiff hereby incorporates through reference the preceding paragraphs of this Complaint.

40.     Plaintiff alleges federal unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

41.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers regarding the origin, source, sponsorship, or affiliation of Defendant's services. It is expected to cause consumers to believe, contrary to fact, that Defendant is in some way affiliated with or sponsored by Plaintiff.

42.     On information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

43.     As a direct and proximate result of Defendant's unfair competition, Plaintiff has suffered and will continue to suffer loss of income, profits and goodwill and Defendant has and will continue to unfairly acquire income, profits and goodwill.

44.     Plaintiff requests that the Court enter judgment that Defendant's use of the Infringing Mark constitutes unfair competition under 15 U.S.C. § 1125.

## COUNT FOUR: COMMON LAW TRADEMARK INFRINGEMENT

45.     Plaintiff hereby incorporates through reference the preceding paragraphs of this Complaint

46.     Defendant, without authorization or consent from Plaintiff, has used and is continuing to use the Infringing Mark in commerce in connection with its goods and services.

47.     Defendant's use has caused and will continue to cause serious injury to the reputation, goodwill, and business of Plaintiff.

48.     Defendant's continued infringement has caused and will continue to cause irreparable harm unless enjoined.

49.     Defendant's infringement is and has been knowing and willful.

## COUNT FIVE: OKLAHOMA DECEPTIVE TRADE PRACTICES ACT

50.     Plaintiff hereby incorporates through reference the preceding paragraphs of this Complaint.

51.     Defendant's use of the Infringing Mark violates the Oklahoma Deceptive Trade Practices Act, including, *inter alia*, 78 O.S. §§ 53(A)(1)-(3) and (5).

52.     Plaintiff has continued to be damaged by Defendant's violation of the Oklahoma Deceptive Trade Practices Act.

53.     Plaintiff is entitled to monetary damages and injunctive relief under 78 O.S. § 54.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully prays for:

1.      Judgment against Defendant for trademark infringement under federal and state law.

2.      Judgment against Defendant for false designation of origin under federal law.

3.      Judgment against Defendant for unfair competition, common law trademark infringement, deceptive trade practices.

4.      Judgment against Defendant permanently enjoining any further or continued use of "Onpoint" with the stylized dog logo and/or the domain www.onpointplumbingservices.com in connection with the advertisement and/or sale of its goods and services, and from any other acts which will injure or are likely to injure the reputation, goodwill, and business of Plaintiff.

5.      Judgment against Defendant for all monetary damages and other remedies available under federal (15 U.S.C. §§ 1116, 1117) and state law (78 O.S. §§ 32, 54), including but not limited to, actual damages, disgorgement of profits, enhanced or treble damages, punitive damages, pre- and post-judgment interest, attorney fees, and costs.

6.      Judgment against Defendant for all other relief available to Plaintiff deemed just and equitable.

## JURY DEMAND

Plaintiff hereby demands a jury trial on all issues raised that are triable by jury.

Respectfully Submitted,


_s/ Jared R. Boyer_
Jared R. Boyer, OBA #30495
Rachel N. Jordan, OBA #32704
HB Law Partners, PLLC
4217 28th AVE NW, Suite 101
Norman, OK 73069
(405) 561-2410
(405) 563-9085 (fax)
jared@hblawpartners.com
rjordan@hblawpartners.com
**_Attorneys for Plaintiff_**